FILED
United States Court of Appeals
Tenth Circuit

September 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

DENNIS S. HERULA,

        Movant.

No. 12-1301
(D.C. Nos. 1:02-CR-00485-REB-CBS-2
& 1:06-CV-02444-REB)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **EBEL** and **MATHESON**, Circuit Judges.

---

    Dennis Herula, a federal prisoner appearing pro se, seeks authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his fraud convictions. Before a federal prisoner may file a second or successive motion under § 2255, he must first obtain an order from the court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). We deny authorization.

    Mr. Herula pled guilty in 2004 to seven counts of wire fraud, which arose in the District of Colorado, and a wire fraud, bankruptcy fraud and money laundering count, which arose in the District of Rhode Island and was transferred to Colorado. The district court conducted a consolidated sentencing, and sentenced Mr. Herula to 188 months' imprisonment in both cases, to be served concurrently. On direct appeal, Mr. Herula claimed the district court erred by computing a consolidated sentencing guideline range and that the sentence imposed was unreasonable because

it was in excess of the range contemplated in the plea agreements, but we affirmed his sentence. *United States v. Herula*, 464 F.3d 1132, 1135, 1139 (10th Cir. 2006).

Mr. Herula filed his first § 2255 motion in 2006, again challenging how the district court determined his sentence and claiming that his counsel was constitutionally ineffective in the plea negotiations by not understanding the grouping provisions of the sentencing guidelines and in drafting the plea agreements. The district court denied the motion, finding that Mr. Herula's counsel's performance was not objectively unreasonable and that Mr. Herula failed to establish that he would not have pleaded guilty had his attorney not performed in the allegedly unconstitutionally inadequate manner. Mr. Herula filed, and subsequently withdrew, a Fed. R. Civ. P. 60(b) motion seeking relief from that denial.

Mr. Herula now seeks authorization to file a second or successive § 2255 motion. To obtain authorization to file a second or successive § 2255 motion, a federal prisoner must demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2).

In his motion for authorization, Mr. Herula again seeks to present a claim of ineffective assistance of counsel, asserting that his attorney erroneously told him

during the plea negotiations that the government could not suggest a specific sentence to the district court and erroneously predicted the district court would not sentence him to more than ten years' imprisonment. Mr. Herula contends his proposed claim is based upon a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, citing *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). *See* Mot. at 6.

*Lafler*, and its companion case, *Missouri v. Frye*, 132 S. Ct. 1399 (2012), reaffirmed the existing constitutional right to effective counsel in the plea bargaining process. *Lafler*, 132 S. Ct. at 1384, 1388 (holding that the *Strickland v. Washington*, 466 U.S. 668 (1984), standards apply to plea bargaining even where the defendant rejects the plea offer and has received a full and fair trial); *Frye*, 132 S. Ct. at 1405, 1409 (holding, where a plea offer lapses or is rejected because of counsel's deficient performance, defendant must establish prejudice by showing a reasonable probability that he would have accepted the plea, that the prosecution and trial court would have accepted it, and that the end result "would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."). We note that the Seventh and Eleventh Circuits have held that *Frye* and *Lafler* did not announce a new rule of constitutional law. *See Hare v. United States*, __ F.3d __, 2012 WL 3156329 (7th Cir. Aug. 6, 2012); *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012). We need not reach that broader question, however, because "a new rule is not made *retroactive to cases on collateral review* unless the Supreme Court holds it to be retroactive."

- 3 -

*Tyler v. Cain*, 533 U.S. 656, 663 (2001) (emphasis added; internal quotation marks omitted); *see also Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005) ("[A] new rule is made retroactive to cases on collateral review only when the Supreme Court *explicitly holds* that the rule it announced applies retroactively to such cases."). The Supreme Court has not so held as to either *Lafler* or *Frye*.

Because Mr. Herula's proposed claim does not satisfy the requirements of § 2255(h)(2), we DENY his motion for authorization. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                                                                  Entered for the Court

                                                                  ELISABETH A. SHUMAKER, Clerk