FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 13, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

| | |
|---|---|
| In re: | No. 13-1236 |
| | (D.C. Nos. 1:06-CV-02444-REB, |
| DENNIS S. HERULA, | 1:02-CR-00485-REB-CBS-2, |
| | 1:06-CV-02445-REB, & |
| Movant. | 1:04-CR-00449-REB-CBS-1) |
| | (D. Colo.) |

**ORDER**

Before **LUCERO**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Dennis Herula, a federal prisoner appearing pro se, seeks authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his fraud convictions. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). We deny authorization.

Mr. Herula pled guilty in 2004 to seven counts of wire fraud, which arose in the District of Colorado, and one count of wire fraud, bankruptcy fraud, and money laundering, which arose in the District of Rhode Island and was transferred to the District of Colorado. The district court conducted a consolidated sentencing and sentenced Mr. Herula to 188 months' imprisonment in both cases, to be served concurrently. On direct appeal, Mr. Herula claimed that "the district court erred by computing a consolidated sentencing guideline range" and that "the sentence imposed was unreasonable because it was in excess of the range contemplated in the plea

agreements." *United States v. Herula*, 464 F.3d 1132, 1135 (10th Cir. 2006). We affirmed his sentence. *Id.* at 1139.

Mr. Herula filed his first § 2255 motion in 2006, again challenging how the district court determined his sentence and claiming that his counsel was constitutionally ineffective because he did not understand the grouping provisions of the sentencing guidelines and he did not draft the plea agreements properly. The district court denied the motion, finding that counsel's performance was not objectively unreasonable and that Mr. Herula failed to establish that he would not have pled guilty had his attorney not performed in the allegedly unconstitutionally inadequate manner. Mr. Herula filed a motion for reconsideration, which was denied, and then filed, and subsequently withdrew, a Fed. R. Civ. P. 60(b) motion. He did not appeal the district court's denial of § 2255 relief.

In July 2012, Mr. Herula filed a motion for authorization to file a second or successive § 2255 motion. He sought to present a new claim that his counsel was ineffective because he erroneously told Mr. Herula during the plea negotiations that the government could not suggest a specific sentence to the district court and he erroneously predicted the district court would not sentence Mr. Herula to more than ten years' imprisonment. We denied Mr. Herula's motion for authorization, concluding it did not satisfy the requirements of § 2255(h). *See* No. 12-1301, *In re Herula*, Order of Sept. 11, 2012.

Mr. Herula has now filed another motion for authorization to file a second or successive § 2255 motion. Relying on this court's opinion in *United States v. Joe*, 696 F.3d 1066 (10th Cir. 2012), he seeks authorization to file a new § 2255 motion to assert a claim that the district court erred in calculating his sentence because it engaged in improper double counting. To obtain authorization to file a second or successive § 2255 motion, Mr. Herula must demonstrate that his proposed claim either depends on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," or relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(1), (2). Mr. Herula's proposed claim does neither.

Accordingly, we deny the motion for authorization. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -